# Third District Court of Appeal

## State of Florida

Opinion filed April 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-867
Lower Tribunal No. F01-13884
_____

**Harry W. Roberts,**
Petitioner,

vs.

**Mark S. Inch, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Harry W. Roberts, in proper person.

Ashley Moody, Attorney General, for respondents.

Before EMAS, C.J., and LINDSEY and BOKOR, JJ.

PER CURIAM.

The petition for habeas corpus, filed as an original proceeding with this court and alleging a manifest injustice, is dismissed without prejudice to the

filing of an authorized and legally sufficient motion for postconviction relief in the circuit court.  See Evans v. State, No. 3D20-1820, 2021 WL 1201436 at *1 (Fla. 3d DCA March 31, 2021) (noting the reaffirmance of "the well-established principles that 'habeas corpus may not be used as a substitute for an appropriate motion seeking postconviction relief, ... [n]or can habeas corpus be used as a means to seek a second appeal or to litigate issues that could have been or were raised in a motion under rule 3.850'") (quoting Baker v. State, 878 So. 2d 1236, 1241 (Fla. 2004)); Brown v. State, 46 Fla. L. Weekly D390 at *1 (Fla. 3d DCA February 17, 2021) (noting that "a petition for writ of habeas corpus is not a substitute for a postconviction motion under Florida Rule of Criminal Procedure 3.800(a) or 3.850") (quoting Lindo v. State, 981 So. 2d 1212 (Fla. 3d DCA 2008)); Beiro v. State, 289 So. 3d 511, 511 (Fla. 3d DCA 2019) (noting: "The mere incantation of the words 'manifest injustice' does not make it so.")